IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                     **Case No. 06-40101-01-RDR**

DARRICK S. KLIMA,

        Defendant.

## O R D E R

This matter is presently before the court upon defendant's motion to suppress evidence. The court has held oral argument on the motion and is now prepared to rule.

The defendant is charged with possession of a firearm by a felon in violation of 18 U.S.C. 922(g). The defendant seeks to suppress evidence that was seized during the execution of a search warrant at his residence on May 12, 2005. He contends that the affidavit in support of the search warrant did not establish probable cause. The government initially contends that the affidavit does establish probable cause for the search of the defendant's residence. The government further argues that, if the court should find that the warrant was not supported by probable cause, the evidence should be allowed under the good faith exception.

Whether the warrant was supported by probable cause and whether the good faith exception of United States v. Leon, 468 U.S. 897 (1984) applies are both questions of law. United States v.

Gonzales, 399 F.3d 1225, 1228 (10th Cir. 2005).  Probable cause for a search warrant exists when "the facts presented in the affidavit would warrant a man of reasonable caution to believe that evidence of a crime will be found at the place to be searched."  United States v. Harris, 369 F.3d 1157, 1165 (10th Cir. 2004) (quoting United States v. Hernandez-Rodriguez, 352 F.3d 1325, 1330 (10th Cir. 2003).  Probable cause is "a determination based on common sense" and, therefore, is entitled to "great deference" by a reviewing court.  United States v. Finnigin, 113 F.3d 1182, 1185 (10th Cir. 1997).

In summary, the affidavit provides that a 17 year-old male, C.D., went to the Republic County Sheriff's Department on May 11, 2005.  He indicated that he had been hanging out with the defendant for two years.  He noted that one to one and one-half months ago, he found nude pictures of himself on the defendant's bed.  The pictures were on the defendant's digital camera.  The defendant told him he was going to put the pictures on his computer and he had sent them to someone in Lindsborg, Kansas.  C.D. further said that "some time prior" he had been playing a drinking game with the defendant and others.  Based upon a dare, C.D. had unbuttoned his pants and the defendant had measured his penis with a tape measure. C.D. also stated that he had watched pornographic movies with the defendant.  He also saw the defendant and another person masturbating while they watched pornographic movies. Finally, C.D.

said that the defendant had bought him alcohol, cigarettes, marijuana, and a 1994 Chevrolet Camaro. For these presents, C.D. said that he gave oral sex to the defendant and the defendant performed oral sex on him. The deputy who took the report found that the defendant had previously been convicted of criminal aggravated indecent solicitation of a child and promoting obscenity to a minor. The affidavit indicated that the following crimes had been committed: sexual exploitation of a child in violation of K.S.A. 21-3516, and promoting obscenity to a minor in violation of K.S.A. 21-4301a.[1] The warrant sought the following: computer disks, computer, measuring tape, pornographic videos, pornographic pictures, pornographic magazines, digital camera, and nude photographs of individuals under the age of 18.

The defendant specifically contends that the affidavit lacks probable cause because it fails to show that the defendant did anything to or with C.D. when he was under the age of 16. As pointed out by the government, the defendant fails to understand that the activities set forth in K.S.A. 21-3516 and 21-4301a apply to individuals under the age of 18.

The affidavit should not be considered a model for future affidavits. It lacks a number of details that would make it a much stronger document. Nevertheless, the court finds that it recites

---

[1] The affidavit mistakenly has the numbers transposed on the second crime allegedly committed. It refers to K.S.A. 21-3401a, but it should read 21-4301a.

sufficient facts to show probable cause that violations of K.S.A. 21-4301a and 21-3416 did occur.  The affidavit, despite its lack of specificity, shows that the defendant was committing illegal sex acts with a male under the age of 18.  The court does not find that the information contained in the affidavit is stale, particularly where the facts show ongoing activity.  See Harris, 369 F.3d at 1165.

Even if the court were to find that the affidavit lacked probable cause, we would find that the good faith exception allows the introduction of the evidence found at the defendant's residence.  See Leon, 468 U.S. at 913-23 (evidence obtained under a subsequently invalidated search warrant is admissible if the officers acted in reasonable reliance that the warrant was valid).  The court is not persuaded that any of the situations noted in Leon, where deference to the magistrate's probable cause determination would not suffice to bring an officer's execution of the warrant within the good faith exception, apply here.  Id. at 923.  Accordingly, the court shall deny defendant's motion to suppress.

**IT IS THEREFORE ORDERED** that defendant's motion to suppress evidence (Doc. # 11) be hereby denied.

**IT IS SO ORDERED.**

Dated this 3rd day of October, 2005 at Topeka, Kansas.

s/Richard D. Rogers

                                        United States District Judge