IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                          **Case No. 06-40101-01-RDR**

DARRICK S. KLIMA,

        Defendant.

**MEMORANDUM AND ORDER**

On March 2, 2007, the court sentenced the defendant. The purpose of this memorandum and order is to memorialize the ruling made by the court during the sentencing hearing.

The defendant entered a plea of guilty to possessing a firearm after conviction of a felony in violation of 18 U.S.C. § 922(g). Following the preparation of the presentence report, the defendant submitted one objection to it.

The defendant objects to the calculation of his offense level based upon his prior criminal history. The defendant contends a prior conviction is not a crime of violence for the purposes of the guidelines computation. The government and the probation office believe that the defendant's prior crime is a crime of violence.

Under the guidelines, a defendant's offense level is enhanced to an offense level of 20 if he committed the § 922(g) crime after one felony conviction of either a crime of violence or a controlled substance offense. Here, the probation office has enhanced the

defendant's offense level to 20 because he has a prior felony crime of violence: aggravated indecent solicitation of a child. The defendant objects to the probation office's categorization of aggravated indecent solicitation of a child as a crime of violence for the purposes of the guidelines computation.

Concerning the disputed crime, the defendant entered a plea of no contest in 2001 to the amended charge of aggravated indecent solicitation of a child in violation of K.S.A. 21-3511 in Republic County District Court.

The term "crime of violence" is defined in the guidelines as follows:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2.

The accompanying commentary to § 4B1.2 provides that a crime of violence includes "forcible sex offenses." Id. at n. 1. It also states that a crime of violence includes conduct that "by its nature, presented a serious potential risk of physical injury to another." Id. The government has the burden of establishing that a prior crime is a crime of violence. See United States v. Guzman,

2

318 F.3d 1191, 1198 (10th Cir. 2003) (recognizing that government bears burden of proving sentencing enhancements).

In determining whether a prior crime is a crime of violence, the court must apply a categorical approach. <u>United States v. Martinez-Hernandez</u>, 422 F.3d 1084, 1086 (10th Cir. 2005). Under the categorical approach, we look to the terms of the underlying statute of conviction rather than the actual facts underlying the conviction. <u>Id</u>. In certain circumstances, however, the categorical approach permits courts to look beyond the statute of conviction. <u>Id</u>. "When the underlying statute reaches a broad range of conduct, some of which merits an enhancement and some of which does not, courts resolve the resulting ambiguity by consulting reliable judicial records, such as the charging document, plea agreement, or plea colloquy." <u>Id</u>.; see <u>Shepard v. United States</u>, 544 U.S. 13, 20-21 (2005). However, we are prohibited from probing police reports or complaint applications as they would require us to inquire into the factual basis for the earlier conviction, thereby upsetting the purpose of the categorical approach, which is to avoid collateral trials. <u>Shepard</u>, 544 U.S. at 22.

Under Kansas law, aggravated indecent solicitation of a child is "enticing or soliciting a child under the age of 14 years to commit or to submit to an unlawful sexual act" or "inviting, persuading or attempting to persuade a child under the age of 14

years to enter any vehicle, building, room or secluded place with intent to commit an unlawful sexual act upon or with the child." K.S.A. 21-3511.

The defendant, relying upon United States v. Harris, 2006 WL 1410051 (D.Kan. 2006), a decision of this court, contends that his prior conviction is not a crime of violence. The court does not agree. In Harris, the defendant's prior conviction was attempted indecent solicitation of a child in violation of K.S.A. 21-3510(a)(1). There, the court was forced to conclude that the defendant's prior conviction was not a crime of violence because the language of the statute at issue was ambiguous and the government was unable to produce the charging document, the plea agreement or the plea colloquy from the underlying offense. Here, the court is not so hamstrung. The court has all of the aforementioned documents, and these documents provide the court with guidance on the nature of the prior conviction. The offense to which the defendant entered a plea was set forth in the charging document as follows:

> That on or about May through June, 2000, in the County of Republic, State of Kansas, Defendant unlawfully, feloniously enticed or solicited [victim's name is intentionally withheld], age 11, to commit or submit to the act of taking aggravated indecent liberties with a child, and that said child was under the age of fourteen (14) years, in violation of K.S.A. 21-3511.

Kansas law defines aggravated indecent liberties with a child under the age of 14 as: (a) any lewd fondling or touching of the

person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy sexual desires of either the child or the offender, or both, or (b) soliciting the child to engage in any lewd fondling or touching of the person of another with the intent to arouse or satisfy the sexual desires of the child, the offender or another.  K.S.A. 21-3504.

The actions of which the defendant was charged in state court are quite different than what this court faced in <u>Harris</u>.  Here, the actions of the defendant, as set forth in the charging document, suggest a forcible sex offense and, thus, a serious potential risk of physical injury to the minor as set forth in U.S.S.G. § 4B1.2(a)(2).  The court believes this case is controlled by <u>United States v. Coronado-Cervantes, Jr.</u>, 154 F.3d 1242 (10th Cir. 1998).  Accordingly, the defendant's objection must be denied.

**IT IS SO ORDERED.**

Dated this 8th day of March, 2007 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge